Ricciardone, David, J.
INTRODUCTION
The Town of Oxford (“the Town") brought this action for declaratory judgment against Aquarion Water Company of Massachusetts, Inc. (“Aquarion”), seeking a determination of what it will cost for the Town to purchase Aquarion pursuant to 1904 legislation granting the Town the unilateral right to purchase Aquarion’s “franchise, property, rights and privileges on payment of the actual cost thereof’ (“the Charter”). St. 1904, c. 193, §9.
The matter is before the Court on Aquarion’s Motion to Dismiss (Paper No. 20) on the grounds that the Town’s declaratory judgment action improperly seeks evidentiary rulings and an advisory opinion clarifying a 1984 Supreme Judicial Court decision that established a formula for compensation under the Charter. See Oxford v. Oxford Water Co., 391 Mass. 581 (1984). Aquarion suggests that the proper course of action would be for the Town to take Aquarion by eminent domain at whatever price the Town deems appropriate under Oxford Water Co., with Aquarion reserving the right to contest the adequacy of the compensation in a subsequent deficiency action. In opposition, the Town contends that the parties’ differing interpretations of Oxford Water Co. have given rise to an actual controversy, and that declaratory judgment is appropriate to resolve the conflict before the parties commit themselves to further litigation over evidentiary items *408 that may not be relevant to the cost determination. For the following reasons, Aquarion’s Motion to Dismiss is DENIED.
DISCUSSION
In support of its Motion to Dismiss, Aquarion argues that this action is not ripe for declaratory judgment because the Town merely seeks an advisory opinion to guide its determination of whether to take Aquarion’s property by eminent domain. The Supreme Judicial Court has already addressed and rejected this argument. Oxford Water Co., 391 Mass. at 584. Nevertheless, Aquarion argues that the circumstances here dictate a different result. In Oxford Water Co., the parties were entitled to declaratory relief as to the meaning of “actual cost” in the context of the Charter’s compulsory purchase provision. Id. The Court held that the Town was not required to commit itself to purchasing the property before ascertaining what the price would be. Id.
Here, Aquarion argues, the Town does not propose to acquire the property pursuant to the purchase provision (as Aquarion has purported to foreclose that option by refusing to sell); rather, the Town must resort to the alternative method of taking prescribed by the Charter — eminent domain. Therefore, Aquarion suggests, Oxford Water Co. does not control on this point, and the Town must actually move to take the property by eminent domain before an actual controversy can arise over compensation.
In the context of this motion, whether the Town takes by purchase or by eminent domain is a distinction without a différence. In either case, the central issue is the appropriate formula for determining the purchase price and the costs included in that formula. To the extent that the method of valuation will inform both parties’ understanding as to which disputed cost items will be relevant to the final price, declaratory relief in this case is appropriate to “enable the parties to deal intelligently with the situation before them, to agree between themselves as far as possible, and to reduce as much as possible the area of future litigation.” Oxford Water Co., 391 Mass. at 585, quoting Cohasset Water Co. v. Cohasset, 321 Mass. 137, 149 (1947).
ORDER
For the foregoing reasons, it is hereby ORDERED that Aquarion’s Motion to Dismiss be DENIED.